UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

U.S. WIREFREE NORTHWEST, INC., a Washington corporation,

    Plaintiff,

    v.

LOIS HUBBARD, an Ohio resident,

    Defendant.

Case No. C05-1401FDB

ORDER DENYING PLAINTIFF'S MOTION TO OVERRULE DEFENDANT'S PRIVILEGE ETC.

U.S. Wirefree seeks an order overruling Hubbard's objections to the production of documents by Cornerstone Wireless Communications, Inc. (Cornerstone)(the independent broker who assisted in the sale of the FCC license at issue) and compelling the production of all documents possessed or controlled by Timothy Sterkel and those related or associated with Joseph Hubbard and Hubbard Technologies, Inc.'s actions.

**1. Waiver**

U.S. Wirefree first argues that as to requests directed to Defendant, the general objections were made, but, subsequently, Plaintiff served an almost identical subpoena on Cornerstone, but by not producing all documents within the 30 day window, Defendant waived any objection she may have had.

This argument is unconvincing. Hubbard did not produce Cornerstone documents in the first request and asserted privilege objections. When Cornerstone was subpoenaed, some documents were produced along with a detailed privilege log identifying documents withheld and explaining privileges claimed. U.S. Wirefree's motion in this respect is denied.

**2. Privileged Communications**

U.S. Wirefree argues that there is no attorney-client privilege between Cornerstone and her attorneys, between Cornerstone employees and Cornerstone staff counsel, or between Cornerstone

ORDER - 1

employees, or for draft documents.

Hubbard argues that "A person is a confidential agent for communication if the person's participation is reasonably necessary to facilitate the client's communication with a lawyer or another privileged person and if the client reasonably believes that the person will hold the communication in confidence." 1 Restatement (Third) of the Law Governing Lawyers § 70, at 538 (2000). The law of both Washington and Nevada is in accord. *See, e.g., Wardleigh v. Second Judicial District Court*, 111 Nev. 345, 891 P.2d 1180 (1995). Here, the documents withheld are communications between Cornerstone (Hubbard's retained consultant regarding the disposition of her Olympia License) and Mr. Sterkel (her attorney who manages her business affairs and acts as an attorney in fact on her behalf) and attorneys representing Hubbard in connection with the sale of the License or this litigation. Portions of documents were redacted as irrelevant because they involve other wireless licenses in other markets and/or held by other individuals. Mr. Sterkle has now produced documents concerning the Lease that are not privileged. Hubbard has now produced all documents responsive to U.S. Wirefree's requests regarding Hubbard's Olympia License and the Lease that refer to Joe Hubbard.

Hubbard's privilege assertions are appropriate, and U.S. Wirefree's motion in this respect is denied or declared moot.

ACCORDINGLY, IT IS ORDERED: Plaintiff U.S. Wirefree's Motion To Overrule Defendant's Privilege and Other Objections And Compel Production of Documents [Dkt. # 35] is DENIED; Defendant's Motion to Strike [Dkt. # 54] is DENIED.

DATED this 17th day of July, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2