1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

U. S. WIREFREE NORTHWEST, INC., a
Washington corporation,

11

Plaintiff,

Case No. C05-1401FDB

12

v.

13

LOIS HUBBARD, an Ohio resident,

ORDER GRANTING DEFENDANT'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT

14

Defendant.

15

**INTRODUCTION**

16

U.S. Wirefree Northwest (hereafter U.S. Wifefree or Plaintiff) is in the business of operating

17

and selling broadband wireless technology and service in Washington.  Defendant Lois Hubbard

18

holds and owns a license issued by the Federal Communications Commission (FCC) (WMI 350) to

19

operate four wireless channels in and around the Olympia, Washington area.

20

On or about May 15, 1998, Jack Hubbard, Defendant's deceased husband, and Harlan

21

Hansen entered into a MMDS Service Agreement (the Agreement) wherein Jack Hubbard, the

22

"Carrier" agreed to lease to Hanson, the "Customer" the license and use of all of the Carrier's

23

channel capacity under the License.  Defendant Lois Hubbard is the legal successor in interest to

24

Jack Hubbard under the License and Agreement.  On or about June 13, 2000, Harlan Hansen

25

assigned all his rights under the Agreement to Plaintiff, U.S. Wirefree.

26

ORDER - 1

1   U.S. Wirefree contends that Hubbard has not performed in accordance with the Agreement

2   and that on or about July 6, 2005 asserted for the first time that the Agreement terminated on May

3   15, 2003.  U.S. Wirefree alleges breach of contract and requests a declaratory judgment and specific

4   performance.

5   Defendant Lois Hubbard moves for summary judgment regarding the term of the lease,

6   arguing that the initial term of the lease expired on May 15, 2002.  Hubbard contends that U.S.

7   Wirefree never delivered, prior to November 15, 2003, a written notice of its intent to revew the

8   Lease and that it did not pay (until recently) the monthly recurring fee that was due for the last 13

9   months of that initial term, nor has it paid for any month after that.

10   Plaintiff U.S. Wirefree opposes Hubbard's motion and moves for summary judgment in its

11   favor, arguing that there is no genuine issue of material fact regarding whether U.S. Wirefree

12   properly and timely notified defendant of its intent to renew the subject Lease Agreement pursuant to

13   its terms, and that any alleged noncompliance with the lease's renewal provisions was technical in

14   nature and should be excused on waiver and estoppel grounds given the protracted course of dealing

15   between the parties after the alleged notice was due, the substantial forfeiture that will befall U.S.

16   Wirefree if the lease is terminated, and the absence of any prejudice to defendant if the lease is found

17   to have been renewed.

18   **SUMMARY JUDGMENT STANDARD**

19   Summary judgment is proper if  the moving party establishes that there are no genuine

20   issues of material fact and it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  If the

21   moving party shows that there are no genuine issues of material fact, the non-moving party must go

22   beyond the pleadings and designate facts showing an issue for trial.  *Celotex Corp. v.  Catrett*, 477

23   U.S. 317, 322-323 (1986).  Inferences drawn from the facts are viewed in favor of the non-moving

24   party.  *T.W. Elec. Service v. Pacific Elec. Contractors,* 809 F.2d 626, 630-31 (9th Cir. 1987).

25   Summary judgment is proper if a defendant shows that there is no evidence supporting an

26   ORDER - 2

1  element essential to a plaintiff's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).   Failure of

2  proof as to any essential element of plaintiff's claims means that no genuine issue of material fact can

3  exist and summary judgment is mandated. *Celotex*, 477 U.S. 317, 322-23 (1986).  The nonmoving

4  party "must do more than show there is some metaphysical doubt as to the material facts."

5  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

6        The lease in question provides that it is to be construed in accordance with Nevada law (see

7  *infra*).  Under Nevada law, the question of the interpretation of a written contract when the material

8  facts are not in dispute is a question of law.  *Grand Hotel Gift Shop v. Granite St. Ins.*, 108 Nev.

9  811, 815, 839 P.2d 599 (1992).

10                                    **DISCUSSION**

11        The MMDS Service Agreement, the Lease at issue, provides at Paragraph 2, *Initial Renewal*

12  *Term* as follows (underscoring added to emphasize the pertinent part):

13        The term of this Agreement shall begin on the date of execution of this Agreement
          and shall continue for a period of sixty (60) months following this date.  Customer
14        U.S. Wirefree] shall also have the option to renew this Agreement for three (3)
          additional sixty (60) month terms under the same terms and conditions as contained
15        herein provided Customer delivers to Carrier [Hubbard] a notice of intention to renew
          no later than six (6) months prior to the end of each term, assuming that Carrier's
16        authorization to operation the Channels [sic] has been renewed as necessary by the
          FCC.  Carrier shall use its best efforts to obtain such renewal.  After the first renewal,
17        Customer will retain the right of first refusal thereafter for the duration of the
          remaining terms herein defined under the condition of remaining current in all parts of
18        this Agreement.

19  The Lease also provides at Paragraph 14 regarding *Notices* (emphasis added):

20        All notices, requests, consents and other communications hereunder shall be in
          writing and shall be effective upon receipt .... "
21
          The Lease also provides at Paragraph 17, *Governing Law; Construction*, that Nevada
22
     substantive law (as distinct from procedural law, including conflicts law) applies.  *See Restatement,*
23
     *Second, Conflict of Laws* § 187, comment *h* (1971).
24
          The Lease in this case commenced May 15, 1998 for a sixty-month term and expired May 15,
25

26  ORDER - 3

2003.  In order to renew the lease, U.S. Wirefree must have delivered to Hubbard a notice of intention to renew no later than six months prior to the end of the term, that is, November 15, 2002. FCC spectrum licenses often are analogized to "property."  *See, e.g.*, J. Berresford, *et all*, *The Law of Property and the Law of Spectrum: A Critical Comparison*, 13 CommLaw Conspectus 35 (2004). Under Nevada law, for both commercial and residential leases, if a lease requires written notice to renew the term of the lease, no renewal is effective without such written notice.  *See Host Int'l, Inc. v. Summa Corp.*, 94 Nev. 572, 574, 538 P.2d 1080 (1978)(right to renew is lost if notice is not given as required by lease).  Nevada law on leases of "goods" reaches the same conclusion; "a signed lease agreement that excludes modification or rescission except by a signed writing may not be otherwise modified ...."  Nev. Rev. Stat. 104A.2208.

Hubbard contends that she has done nothing that constitutes a waiver of U.S. Wirefree's obligation to provide written notice of its intention to renew the Lease.  To constitute an implied waiver, her actions must clearly show that she intended to relinquish a known right.  *Merrill v. Dermott*, 113 Nev. 1390, 1400, 951 P.2d 1040 (1997)(certain rent concessions did not waive expiration date of lease).  Additionally, the Nevada UCC requires waivers of rights to be in writing. Nev. Rev. Stat. 104(A.2107.  It is undisputed that Hubbard did not provide a written waiver of the renewal provision.

Hubbard also argues the upon expiration of the lease on May 15, 2003, without U.S. Wirefree's timely notice of intent to renew, U.S. Wirefree's continued use of the channels created a month-to-month tenancy.  Under Nevada landlord tenant law, if a tenant continues occupying the property after the expiration of the term of the lease, the tenancy is from month to month.  Nev.Rev. Stat. 118A.470 and .210.  Such occupancy is on the same terms and conditions as were contained in the rental agreement unless specifically agreed otherwise.  *Id.*  Nevada law regulating leases for "goods" analyzes holdover tenants similarly to landlord-tenant law, that is, continued use of the goods after the expiration of the lease entitles lessor to repossess the property and to accrued and

ORDER - 4

1  unpaid rent.  Nev. Rev. Stat. 104A.2528.

2         U.S. Wirefree argues that the lease does not provide a form "notice of intention to renew" or

3  otherwise define what is meant by such notice, or what such notice should exactly contain.  U.S.

4  Wirefree contends that it remained in continuous communication with Hubbard's authorized

5  representatives, and that it continued to perform its obligations under the lease.  (See Plaintiff's

6  Opposition, p. 4 and 5.)  Thus, argues U.S. Wirefree, under the lease provision of delivery of a

7  "notice of intent to renew," by its course of conduct with Hubbard's representatives, it provided

8  notice that it intended to renew its long-term lease.  Even if the lease term is found to be incomplete

9  or ambiguous, extrinsic evidence may be admitted to determine the parties' intent, supply omissions,

10  and explain ambiguities.  *Sandy Valley Assocs. v. Sky Ranch Estates Owners Ass'n*, 117 Nev. 948,

11  953-54, 35 P.3d 964, 966 (2001).  Thus, U.S. Wirefree's ongoing communications with Hubbard's

12  representatives and its ongoing performance under the lease constitutes compliance with the spirit

13  and intent of the renewal provisions and the parties' conduct supports a conclusion that U.S.

14  Wirefree complied with the Lease's renewal provision.  U.S. Wirefree also argues that equitable

15  principles should excuse any technical non-compliance with the Lease's renewal provisions.

16                                          **CONCLUSION**

17         Having considered the parties' arguments and authorities, the Court concludes that

18  Defendant Hubbard is entitled to partial summary judgment regarding the term of the lease.  The

19  Lease provision with respect to notice of intention to renew is unambiguous and the notice is

20  required to be in writing.  Under Nevada law, if a lease requires written notice to renew the term of

21  the lease, no renewal is effective without such written notice.  *See Host Int'l, Inc. v. Summa Corp.*,

22  94 Nev. 572, 574, 538 P.2d 1080 (1978)(right to renew is lost if notice is not given as required by

23  lease).  Nevada law also provides that the written exercise of a lease renewal option need not be a

24  formal document, but it must contain a concise statement of definite and unequivocal intent to

25  exercise the renewal option according to the terms of the lease.  *See Jay Gee Commerce, Inc. v.*

26  ORDER - 5

1  *Havas*, 89 Nev. 157, 158, 508 P.2d 1015 (1973).  U.S. Wirefree has not shown that it provided a

2  simple, concise written statement of definite and unequivocal intent to renew the Lease for another

3  five year term.

4        U.S. Wirefree's argument that it is entitled to equitable relief to preclude forfeiture of its right

5  to renew the lease fails under the circumstances.  First, Hubbard did not waive the requirement of

6  written notice.   A waiver may be implied from conduct that evidences an intention to waive a right

7  or by conduct that is inconsistent with any other intention than to waive the right, *Mahban v. MGM*

8  *Grand Hotels, Inc.*, 100 Nev. 593, 596, 691 P.2d 421 (1984), but the conduct must speak the

9  intention clearly.  *Reno Realty & Inv. Co. v. Hornstein*, 72 Nev. 219, 225, 301 P.2d 1051 (1956).

10  There must be clear evidence that Hubbard intentionally relinquished the right to receive written

11  notice of U.S. Wirefree's intent to renew the Lease for another five-year term.  *See Merrill v.*

12  *Demott*, 113 Nev. 1390, 1400, 951 P.2d 1040 (1997).  The acceptance of rent or other performance

13  does not imply any intent to release a lessee from an unrelated promise or condition.  *See Reno*

14  *Realty*, 72 Nev. at 226.  The FCC filings that U.S. Wirefree made with no objection from Hubbard

15  do not under the circumstances indicate that Hubbard unambiguously intended to waive strict

16  compliance with the notice of renewal provision of the Lease.  As stated earlier, under Nevada

17  landlord tenant law, if a tenant continues occupying the property after the expiration of the term of

18  the lease, the tenancy is from month to month.  Nev.Rev. Stat. 118A.470 and .210.  Such occupancy

19  is on the same terms and conditions as were contained in the rental agreement unless specifically

20  agreed otherwise.  *Id.*   Thus, U.S. Wirefree's continuing to perform its obligations under the

21  contract are consistent with a month-to-month tenancy created when it failed to timely renew the

22  lease.

23        Whether U.S. Wirefree forgot to renew the Lease or willfully did so because of market

24  conditions or for some other reason, equitable relief does not apply.  An untimely notice may be

25  excused equitably if (1) the delay in giving notice is slight, (2) the delay does not prejudice the lessor,

26  ORDER - 6

1    and (3) the lessee would suffer forfeiture or other substantial hardship if equitable relief is not

2    granted.  *See* A. Corbin, Corbin on Contracts § 2.15, at 201-03 (J. Perillo ed., 1993).  The delay here

3    was not slight, as the notice of intent to renew was due November 15, 2002, and the first writing that

4    even arguably expresses U.S. Wirefree's intention to renew the Lease is Mr. Mayse letter of July 6,

5    2005 – 32 months after the notice was due.  Moreover, there would be substantial prejudice to

6    Hubbard if U.S. Wirefree were not permitted to exercise its renewal option, as Hubbard changed her

7    position based on U.S. Wirefree's failure to timely deliver written notice of its intention to renew the

8    Lease by entering into an agreement to sell her FCC License to Fixed Wireless Holdings, Inc. for a

9    substantial sum of money. 2d Sterkel Decl. ¶ 3, Ex. G.

10           NOW, THEREFORE, IT IS ORDERED:

11           1.      Defendant's Motion for Partial Summary Judgment Regarding Term of Lease [Dkt. #

12                   10] is GRANTED;

13           2.      U.S. Wirefree Northwest, Inc. did not timely renew the Lease for another five-year

14                   term and the Lease expired by its terms on May 15, 2003; and

15           3.      After May 15, 2003, U.S. Wirefree's continued occupancy and use of Mrs. Hubbard's

16                   licensed channels converted to a month-to-month tenancy.

17           4.      Plaintiff's Cross Motion for Summary Judgment [Dkt. # 16] is DENIED.

18           DATED this 18th day of July, 2006.

19

20           _____

21           FRANKLIN D. BURGESS
             UNITED STATES DISTRICT JUDGE

22

23

24

25

26   ORDER - 7