UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| U.S. WIREFREE NORTHWEST, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>LOIS HUBBARD, an Ohio resident,<br><br>Defendant. | Case No. C05-1401FDB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND CLARIFICATION ON SUMMARY JUDGMENT ORDERS |

**INTRODUCTION**

This case concerns Defendant Hubbard's lease to U.S. Wirefree Northwest, Inc. (U.S. Wirefree) of her Federal Communications Commission (FCC) license to operate four wireless channels in and around Olympia, Washington. Defendant Lois Hubbard was granted partial summary judgment regarding the term of the Lease, the Court concluding that U.S. Wirefree did not timely renew the Lease for another five-year term, that the Lease expired by its terms on May 15, 2003, and that after that date, U.S. Wirefree 's continued occupancy and use of Mrs. Hubbard's licensed channels converted to a month-to-month tenancy. Plaintiff's cross-motion for summary judgment was denied.

U.S. Wirefree now moves for reconsideration and clarification of the above-mentioned orders. U.S. Wirefree submits that the Court may have overlooked its contentions regarding the

ORDER - 1

significance and ramifications of the purchase option contained in the "right of first refusal" language in paragraph 2 of the Lease. U.S. Wirefree argues that since its lease of Defendant Hubbard's license converted to a month-to-month tenancy on May 15, 2003 on the same terms and conditions as were contained in the prior rental agreement, Hubbard's agreement to sell her license to Fixed Wireless on May 13, 2005 was subject to the right of first refusal provision of the Lease. U.S. Wirefree contends that it is undisputed that it was never in default and that it had tendered all past due rental payments to defendant and claimed the right of first refusal in July 2005 after it learned that Defendant Hubbard was terminating the Lease to sell her license. U.S. Wirefree also contends that the license purchase offer that it has made to Hubbard is much better than Fixed Wireless's purchase offer.

Defendant Hubbard responds that because the agreement states "<u>After the first renewal</u>, Customer will retain the right of first refusal thereafter and <u>for the duration of the remaining terms</u> herein defined under the condition of remaining current in all parts of this agreement," a right of first refusal never vested because plaintiff failed to renew the Agreement. Moreover, Defendant continues, the "remaining terms" defined by the Agreement are "three (3) additional sixty (60) month terms." Thus, under the Agreement, the right of first refusal is not triggered by "renewals" during a holdover tenancy. Defendant Hubbard cites *Bateman v. 317 Rehoboth Avenue, LLC*, 878 A.2d 1176 (Del. Ch. 2005), which examined a holdover statute nearly identical to Nevada's and held that the right of first refusal provision in the lease at issue did not survive expiration of the lease and that the terms and conditions of a holdover tenancy were limited to only those provisions focusing on the relationship between the lessee and the property, not the contractual relationship between the lessee and the lessor. *Id.* 1180-81. The Court in *Bateman* reasoned that a broader reading would impinge upon the freedom of parties to contract, that is, to agree that the lease agreement expired at a certain time if the lessee did not give notice to renew. *Id.* 1183. Further, continued the Court, the holdover statute was not intended to prolong the legal rights between the lessor and lessee, such as rights of first refusal, that are otherwise unrelated to occupancy and use of property, that it addressed only the

ORDER - 2

relationship of the lessee to the property. *Id.*

Defendant Hubbard also argues that although U.S. Wirefree may not have defaulted under the Agreement in July 2005 because the Agreement allowed U.S. Wirefree to "cure" its failure to pay 41 months of recurring monthly fees, nevertheless, U.S. Wirefree was *not* current in all parts of the agreement at that time. Defendant Hubbard argues that the plain, ordinary meaning of the term "current in all parts of the agreement" is that the lessee must be up to date with respect to all its obligations under the contract, including the obligation to make monthly rental payments. Plaintiff admits it failed to pay the 41 months of recurring fees when due, and the past due rental payments were not tendered until at least July 26, 2005, the date that U.S. Wirefree tendered a cashier's check for the past due rental payments. Defendant Hubbard concludes that U.S. Wirefree was not current in all parts of the Agreement nor was it entitled to exercise its right of first refusal at any time between April 2002 and July 6, 2005 when Hubbard terminated the Lease.

**DISCUSSION**

U.S. Wirefree's argument that the Court should reconsider and clarify that it had a right of first refusal under the Agreement fails for the reasons discussed below. First, the relevant portion of the Agreement must be kept in mind. Paragraph 2 of the Lease provides as follows (underscoring added):

> The term of this Agreement shall begin on the date of execution of this Agreement and shall continue for a period of sixty (60) months following this date. Customer [U.S. Wirefree] shall also have the option to renew this Agreement for three (3) additional sixty (60) month terms under the same terms and conditions as contained herein <u>provided Customer delivers to Carrier [Hubbard] a notice of intention to renew no later than six (6) months prior to the end of each term</u>, assuming that Carrier's authorization to operation the Channels [sic] has been renewed as necessary by the FCC. Carrier shall use its best efforts to obtain such renewal. <u>After the first renewal, Customer will retain the right of first refusal thereafter for the duration of the remaining terms herein defined under the condition of remaining current in all parts of this Agreement.</u>

The Lease also provides at Paragraph 14 regarding *Notices* (emphasis added):

> All notices, requests, consents and other communications hereunder <u>shall be in

ORDER - 3

<u>writing</u> and shall be effective upon receipt .... "

The Lease further provides at Paragraph 17 that Nevada substantive law applies.

The Lease in this case commenced May 15, 1998 for a sixty-month term and expired May 15, 2003. In order to renew the lease, U.S. Wirefree must have delivered to Hubbard a notice of intention to renew no later than six months prior to the end of the term, that is, November 15, 2002. This U.S. Wirefree did not do. Having failed to renew the Lease, under Nevada law, U.S. Wirefree's continued utilization of Hubbard's license was a month-to-month tenancy. *See* N.R.S. 118A.470. The statute further provides: "Such occupancy is otherwise on the same terms and conditions as were contained in the rental agreement unless specifically agreed otherwise." *Id.* . In July 2005, U.S. Wirefree was 41 months in arrears on the rental. On or about July 6, 2005, Defendant Hubbard correctly asserted that the Agreement terminated on May 15, 2003. U.S. Wirefree no longer had the "right of first refusal" under the Agreement because (1) U. S. Wirefree never renewed the Lease according to its provisions, and (2) and even if the month-to-month tenancy carried with it the right of first refusal – which the Court concludes it does not – U.S. Wirefree had not fulfilled "the condition of remaining current in all parts of this Agreement," because it was indisputably in arrears in the monthly rental.

The Court agrees that the month-to-month tenancy created following the failure to renew did not carry with it the right of first refusal. The rationale in *Bateman* is well analyzed and persuasive. Statutes such as the Nevada statute in this case generally seek to balance the interests of landlords and incoming tenants in the recovery and possession of property in a timely fashion and permitting outgoing tenants to move out in an orderly manner. *Bateman*, 878 A.2d at 1183. The *Bateman* Court noted that such holdover tenancy statutes necessarily impinge upon the freedom of parties to contract by extending the lease beyond its defined duration, and such statutory derogations of freedom of contract should not be expansively read. *Id.*

U.S. Wirefree cites *Hennessey v. Price,* 96 Nev. 33, 604 P.2d 355 (1980) noting that the

ORDER - 4

Court specifically held that an integrated right of first refusal supported by consideration is irrevocable, can survive modification of the original terms, and extends for the consensual period during which a month to month tenancy existed.  This case is distinguishable from the facts herein, for the following reasons.  The Prices in 1972 leased the home from the Hennesseys, reserving the right to purchase it when the Hennesseys completed their relocation efforts.  The rental was month-to-month, the seller reserving the right to sell the property upon giving the tenant, the Prices, the "right of First Refusal" and further providing that "In the event of an offer to purchase the tenant [sic] will have 7 days in which to make a decision and advise said owner [Hennesseys] or his agent as to his intent."  The Prices continued to pay rent, their rent was increased several times due to rising taxes and insurance charges, and finally in January 1977 Mrs. Hennessey informed the Prices that the home was for sale.  When the Prices attempted to exercise their option, the Hennesseys refused to sell at the option price.  Specific performance was upheld in this case, the Court noting that the Prices had not violated the terms of the agreement, that the right to purchase had matured, and that the Prices were ready, willing, and able to perform.  In contrast, U.S. Wirefree did not follow the terms of the Agreement concerning renewal of the lease, Hubbard entertained an offer to sell her FCC licenses after U.S. Wirefree had failed to pay the month-to-month tenancy rental, and U.S. Wirefree, in purporting to tender its first check for all past due rent to Hubbard on July 6, 2005, informed Hubbard that the check was intended to provide "comfort" and that Plaintiff did not actually have the funds to cover the amount of the check.  (Sterkel Decl. Ex. D. P 24.)

In this case, the Agreement clearly provides that the "right of first refusal" is retained by the "Customer" (U.S. Wirefree) "After the first renewal" (which did not occur) and "under the condition of remaining current in all parts of the Agreement" (which condition U.S. Wirefree did not maintain).

ORDER - 5

## CONCLUSION

Because U.S. Wirefree did not renew its lease under the terms of the Agreement, U.S. Wirefree did not retain the right of first refusal. Furthermore, although U.S. Wirefree continued with certain of its obligations as to the Lease (as referenced in the Court's earlier order), in effect continuing the Lease beyond its term, it failed to pay rent on the statutorily created month-to-month tenancy.  U.S. Wirefree was neither "current in all parts of this Agreement" when it failed to renew nor when fell into arrears for 41 months on the month-to-month tenancy.  Reconsideration and the requested relief must, therefore, be denied.

NOW, THEREFORE, IT IS ORDERED: Plaintiff's Motion for Reconsideration and Clarification of Orders on Summary Judgment [Dkt. # 61] is DENIED.

DATED this 6th day of October, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 6