UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| U.S. WIREFREE NORTHWEST, INC., a Washington corporation, | |
| Plaintiff, | Case No. C05-1401FDB |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY FEES & COSTS |
| LOIS HUBBARD, an Ohio resident, | |
| Defendant. | |

This cause of action concerns a lease agreement for wireless channel capacity in and around the Olympia, Washington area. The agreement in issue is the "MMDS Service Agreement" wherein the "Carrier" (Defendant Lois Hubbard, successor to her husband Jack Hubbard ) leased wireless capacity to "Customer" (U.S. Wirefree Northwest through assignment from Harlan Hanson).

In its Complaint, U.S. Wirefree alleged that it had not defaulted on its obligations under the Agreement, but that Defendant Lois Hubbard had defaulted on her obligations, and U.S. Wirefree sought damages for expenses incurred in enforcing the Agreement. Defendant Hubbard contended, however, that the lease term with U.S. Wirefree expired on May 15, 20 2002, and also that it never delivered, prior to November 15, 2003, a written notice of its intent to renew the Lease and that it

ORDER - 1

did not pay timely the monthly recurring fee that was due for the last 13 months of the initial term nor for any month after that. This Court granted summary judgment in favor of Defendant Hubbard.

Defendant Lois Hubbard received a favorable judgment in this case and now moves for attorney' fees and costs. Hubbard argues that under the governing law in this case, Nevada law allows the recovery of attorney's fees when the parties' contract so provides. The parties Agreement in this case provides as follows in Paragraph 25:

> 25. *Attorney's Fees.* If it shall be necessary for either the Carrier or Customer to employ an attorney to enforce their respective rights pursuant to this Agreement because of the Default of the other Party, the defaulting Party shall reimburse the prevailing Party for reasonable attorney's fees.

Defendant contends that she had to employ an attorney to enforce her rights under the Agreement, that a defendant may qualify as a prevailing party by raising a "successful defense," *Nevada N. Ry. Co. v. Ninth Judicial Dist. Ct.*, 273 P. 177, 178 (Nev. 1929), and that she is now entitled to recovery her reasonable attorney's fees in defending this lawsuit.

Defendant requests total attorneys' fees of $102,172.20. One law firm provided legal services from the initial stages through the successful motion for partial summary judgment; the second law firm represented Defendant on the successful defense of the motion for reconsideration and on other matters, including an appeal. Defendant requests costs totaling $4,166.12. Plaintiff U.S. Wirefree raises no issue that the fees requested are unreasonable, and the fee requests are supported by the attorneys' declarations and time sheets.

Plaintiff U.S. Wirefree opposes Defendant's Motion arguing that only fees incurred "because of a Default" are subject to reimbursement under the Parties' Agreement on attorney fees. U.S. Wirefree argues that there is no claim that an "Event of Default" occurred as "Default" is defined under the Agreement.

The natural reading of the "Attorney's Fees" provision at Paragraph 25 of the Agreement easily encompasses Defendant's request for fees in this case. First, the provision applies to either

ORDER - 2

1  "Carrier or Customer" having to employ an attorney to enforce their respective rights.  Defendant
2  Hubbard is the "Carrier" in this case.  Hubbard contended that U.S. Wirefree did not timely renew,
3  while U.S. Wirefree brought this lawsuit contending that Hubbard had defaulted on her obligations.
4  The Agreement defines "Events of Default," including either a failure to make a payment or failure to
5  comply with a provision of the Agreement or breach of a portion of the Agreement.  The Court
6  concludes that the parties had a dispute about their performance under the Agreement and that they
7  also agreed that the prevailing party would be awarded fees.

8  NOW, THEREFORE, IT IS ORDERED: Defendant's Motion for Attorney Fees and Costs
9  [Dkt. # 79] is GRANTED, and Attorneys' Fees in the amount of $102,172.20 are awarded in favor
10 of Defendant Lois Hubbard against Plaintiff U.S. Wirefree Northwest, Inc. as are Statutory Costs of
11 $4,166.12.

12 DATED this 9th day of July, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

26 ORDER - 3